CLAYTON C. RICHARDSON v. T. W. RITTER.

(Filed 17 April, 1929.)

**Negligence O a—Act of defendant held contributory negligence barring recovery.**

Where one seeks to recover damages for a negligent personal injury resulting from his diving into the shallow water of a public swimming pool, about twenty feet from the diving board, and hitting his head on the concrete bottom, his own negligence in not ascertaining the depth of the water before diving will bar his recovery.

APPEAL by plaintiff from *Shaw, J.,* at October Term, 1928, of GUIL-FORD. Affirmed.

This is an action to recover damages for personal injuries, alleged to have been caused by the negligence of defendant, in failing to exercise due care to inform plaintiff, a patron of defendant's swimming pool,

that the water in said swimming pool at the place where plaintiff dived into said pool was too shallow for diving, and that the bottom of said pool, at said place, was constructed of concrete.

Defendant denied the allegations of negligence, and also relied upon his plea that plaintiff is barred of recovery, by his contributory negligence, as alleged in the answer.

From judgment dismissing the action, at the close of plaintiff's evidence, as of nonsuit, plaintiff appealed to the Supreme Court.

*D. Newton Farnell, Jr., B. L. Fentress and F. P. Hobgood, Jr., for plaintiff.*
*King, Sapp & King for defendants.*

PER CURIAM. On 9 July, 1926, defendant owned a tract of land in Guilford County, on which he had constructed an artificial lake. This lake was operated by defendant as a public swimming pool. Patrons of said swimming pool were charged for admittance to said pool, and for the privilege of bathing, swimming and diving therein.

Plaintiff, accompanied by his wife and children, went to defendant's swimming pool late in the afternoon of 9 July, 1926. Having paid the sum charged for admittance to said pool, and for the privilege of swimming and diving therein, plaintiff within a short time thereafter dived from the edge of said pool into the same; at said place the water was shallow, and the bottom was constructed of concrete. Plaintiff's head struck the concrete bottom of the pool; he was thereby injured, and by reason of such injuries suffered damages. No notice was given plaintiff by signs or otherwise of the depth of the water at the place where he dived into the pool. There was a spring-board, constructed for diving at a distance of 15 or 20 feet from the place where plaintiff dived. Plaintiff made no inquiries of defendant or of any one else as to the depth of the water at the place where he dived, nor did he make any effort to ascertain whether it was safe to dive into said pool at this place.

Even if it should be held that there was evidence from which the jury could have found that defendant was negligent as alleged in the complaint—which is doubtful—and that such negligence was the cause of plaintiff's injuries, all the evidence tends to show that plaintiff was negligent, and that his negligence contributed, as a proximate cause, to his injuries. He, therefore, cannot recover of defendant in this action, the damages which resulted from his injuries.

The judgment dismissing the action is affirmed upon the authority of *Elder v. R. R.,* 194 N. C., 617, 140 S. E., 298, and of decisions cited in the opinion in that case.

Affirmed.