LARRY JAMES, GUARDIAN AD LITEM FOR KRISTIN MARIE JAMES, A MINOR v. THE CHARLOTTE-MECKLENBURG BOARD OF EDUCATION AND SUSAN STEWART

No. 8226SC95

(Filed 15 February 1983)

1. Schools § 11— school board—liability insurance—waiver of immunity

The purchase of liability insurance constituted a waiver of governmental immunity against tort liability by defendant board of education. Former G.S. 115-53.

2. Schools § 11— school teachers—absence from classroom—necessity for other adult supervision

Foreseeability of harm to pupils in the classroom or at a school is the test of the extent of a teacher's duty to safeguard her pupils from dangerous acts of fellow pupils, and absent circumstances under which harm to her pupils might have been reasonably foreseen during her absence, a teacher is not under a duty to either remain with her class at all times or to provide other adult supervision at all times while she is absent.

3. Schools § 11— absence of teacher from classroom—injury to student—no negligence by teacher

In an action to recover for an injury to a sixth grade student's eye which occurred when two other students were fighting with pencils while defendant teacher was absent from the classroom, plaintiff's evidence was insufficient to show that harm to defendant's students might have been reasonably foreseen so that defendant's absence from the classroom without other adult supervision of her students constituted negligence where it tended to show that the only other previous incident of student misbehavior during defendant's absence from the classroom which was known to defendant occurred the day prior to the incident in question when other students were throwing an eraser at each other, and the evidence also showed that defendant was aware of an "orange" fight which had taken place in the hall near her classroom some weeks before the incident in question.

James v. Board of Education

**4. Rules of Civil Procedure § 15.2— denial of amendment of pleadings to conform to evidence**

In an action against a Board of Education and a school teacher to recover for an injury to a student, the trial court did not abuse its discretion in the denial of plaintiff's G.S. 1A-1, Rule 15(b) motion to amend his complaint to assert the negligence of the principal of the school where plaintiff's motion was not made until after the trial court had declared a mistrial because of inability of the jury to reach a verdict, plaintiff had tendered issues before the case went to the jury which did not include the negligence of the principal, and plaintiff's proposed amendment did not assert that negligence on the part of the principal proximately caused the student's injury.

APPEAL by plaintiff from *Griffin, Judge.* Order and judgment entered 2 September 1981 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 16 November 1982.

Plaintiff, acting as guardian *ad litem* for his daughter, Kristin James, brought this action against Kristin's elementary school teacher, Susan Stewart, and the Charlotte-Mecklenburg Board of Education to recover damages for injuries sustained by Kristin.

On 1 February 1978 Kristin was enrolled in a Charlotte public school and was a student in Ms. Stewart's sixth grade class. The class of thirty students had returned from lunch and had been instructed to stay in their seats and perform an assignment placed on the board. The school had a policy, formulated by the principal, whereby the students would file to the cafeteria in groups of six. The teacher would leave the classroom with the last group. As each group finished lunch, the group would return to the classroom. On the date at issue, Ms. Stewart did not return to the classroom with the last group of students but remained in the cafeteria to finish her lunch. During her absence, two students began "sword fighting" with their pencils. One of the pencils flew back and hit Kristin in her left eye. When Ms. Stewart returned to the classroom, she was informed of the injury. Due to this injury, Kristin ultimately lost the sight in her left eye.

In his complaint plaintiff alleged that his daughter's eye injury was caused by defendants' negligence. He specifically alleged that Ms. Stewart was negligent in leaving eleven and twelve year old children unsupervised, in failing to remain with her students at all times "with the knowledge that the class members were prone to unruly and sometimes dangerous contact in the absence

of adult supervision" and in failing to provide "minimum disciplinary procedures." Plaintiff alleged that the Charlotte-Mecklenburg Board of Education (hereinafter the Board) was negligent in allowing Ms. Stewart to subject her students to "unrestrained and potentially dangerous conduct." He further alleged that the Board was negligent in failing to enforce existing rules or, in the alternative, to establish rules concerning constant supervision. The defendants denied any negligence on their part. They alleged as a defense that Ms. Stewart was a public officer exercising a discretionary function, and that she acted without malice or corruption. The Board admitted that it had secured liability insurance pursuant to G.S. 115-53 (subsequently repealed and recodified as G.S. 115C-42) and had thereby waived governmental immunity.

The case came to trial before a jury and ended in a mistrial. On the stipulation of the parties, the Court then reconsidered defendants' motion for a directed verdict, which the court had earlier denied. From the granting of a directed verdict for both defendants, plaintiff has appealed.

*Ervin, Kornfeld, MacNeill & Ervin, by John C. MacNeill, Jr. and Winfred R. Ervin, Jr., for plaintiff-appellant.*

*Jones, Hewson & Woolard, by Hunter M. Jones, Harry C. Hewson and R. G. Spratt, III, for defendant-appellees.*

WELLS, Judge.

In their motion for directed verdict, defendants asserted two specific grounds: one, limited immunity, and two, an insufficient showing of negligence. Both grounds are, therefore, before us in this appeal, and we shall deal with them *seriatim.*

[1]  I. *Immunity.* The record shows that, pursuant to the provisions of G.S. 115-53, the Board was insured against tort liability. The purchase of such insurance constitutes a waiver of governmental immunity by defendant Board. *See Clary v. Board of Education,* 286 N.C. 525, 212 S.E. 2d 160 (1975). We therefore assume that the trial court's granting of defendant Board's motion for directed verdict was not on its asserted immunity grounds. As to defendant Stewart, we assume, without deciding, that she was not entitled to a directed verdict on her asserted

ground of limited immunity and that the trial court granted her motion on the alternative ground of lack of negligence. This appeal must be resolved, therefore, on the issue of whether there was a sufficient showing of negligence on the part of defendant Stewart to support a verdict for plaintiff, and we now move on to that issue.

II. *Negligence.* Within the general question of negligence, we must deal with each defendant discretely.

A. *Defendant Board of Education.*

Plaintiff produced no evidence whatsoever as to defendant Board's policies, practices, rules, regulations, or other requirements as to supervision of pupils in its elementary schools. This case was tried in the trial court and briefed and argued in this Court on the theory that defendant Stewart was negligent, and that Stewart's negligence must be imputed to defendant Board of Education under the principle of *respondeat superior.* Our decision that defendant Stewart was not negligent requires that we affirm the trial court's granting of defendant Board's motion for a directed verdict.

B. *Defendant Stewart.*

Plaintiff contends that defendant Stewart was negligent in leaving her class unsupervised or unmonitored by a person of suitable age and discretion; or, in failing to remain in the classroom when she knew or should have known that the unruly behavior of her students in her absence might result in one of them harming another. The dispositive question, therefore, as to defendant Stewart, is whether Stewart was under a duty to remain in her classroom at all times while her pupils were present in the class. We answer that question "no."

We are not aware of any previous decisions of our appellate courts involving the question we must now resolve. Decisions from other States reflect significantly differing standards of care required of public school teachers with respect to their duty to provide supervision of pupil conduct and activity. *See Annot.* 38 A.L.R. 3d 830. We have found that our Supreme Court, in three analogous situations, has provided a standard of care applicable to this case.

In *Toone v. Adams*, 262 N.C. 403, 137 S.E. 2d 132 (1964), the Court considered the duty of Raleigh Baseball, Inc. and the manager of a team operated by this corporation, to conduct themselves so as to not incite game fans against the plaintiff umpire and their duty to provide the plaintiff protection from incited fans. The facts in that case showed that Deal, the team's manager, had on a number of occasions during a game reacted with great hostility to calls made by the plaintiff umpire, one of these occasions being near the end of the game. When the game was over, incited Raleigh fans poured onto the field, followed the plaintiff from the field, cursing the plaintiff and challenging him to fight. One fan struck the plaintiff and injured him. Plaintiff umpire alleged that the defendant's club and its manager should have reasonably foreseen that Deal's conduct toward the plaintiff would incite the partisan crowd against plaintiff and result in an assault upon the plaintiff, and that the defendants breached their duty owed the plaintiff as an umpire to provide adequate protection for his personal safety. In sustaining the demurrer of both defendants, the Court, restating the general rule from the Restatement of Torts §§ 302 and 303, said that "an act is negligent if the actor intentionally creates a situation which he knows, or should realize, is likely to cause a third person to act in such a manner as to create an unreasonable risk of harm to another," but nevertheless held that it did not follow that Deal should have reasonably anticipated that the plaintiff would be assaulted. The Court quoted and relied on the following rule from the Court's decision in *Hiatt v. Ritter*, 223 N.C. 262, 25 S.E. 2d 756 (1943):

> "One is bound to anticipate and provide against what usually happens and what is likely to happen; but it would impose too heavy a responsibility to hold [defendants] bound in like manner to guard against what is unusual and unlikely to happen or what, as it is sometimes said, is only remotely and slightly probable."

*Hiatt* (cites omitted).

In *Foster v. Winston-Salem Joint Venture*, 303 N.C. 636, 281 S.E. 2d 36 (1981), the Court considered the duty of the owners of a shopping mall to protect its patrons from harmful acts of other persons on its premises. In *Foster*, plaintiff, a female adult, was

injured when two unidentified males assaulted her as she was attempting to place packages in her car parked in defendant mall's parking lot. On defendant's motion for summary judgment, the plaintiff's forecast of evidence showed that there had been 36 reported incidents of criminal activity at the mall during a period of one year prior to the assault on plaintiff. In overruling summary judgment for defendant, the Court established foreseeability as the test for determining the extent of a landowner's duty to safeguard his business invitees from the criminal acts of third persons, relying upon both the Restatement (Second) of Torts and previous decisions of the Court:

> The plaintiff need only show that in the exercise of reasonable care the defendant should have foreseen that some injury would result from his act or omission or that consequences of a generally injurious nature might have been expected.

In resolving the issue against defendant, the Court stated:

> We cannot hold as a matter of law that the 31 criminal incidents reported as occurring on the shopping mall premises within the year preceding the assault on plaintiff were insufficient *to charge defendants with knowledge that such injuries were likely to occur.*

*Id.* (emphasis added).

In *Moore v. Crumpton,* 306 N.C. 618, 295 S.E. 2d 436 (1982), the Court considered the extent of a parent's liability for the harmful acts of the parent's unemancipated child. In that case, on the defendant parents' motions for summary judgment, the plaintiff's forecast of evidence showed that she was injured when the defendant parents' unemancipated 17 year old son broke into the plaintiff's home and raped the plaintiff. The son had a long history of undisciplined behavior, including extensive abuse of drugs and alcohol, and the son was under the influence of both drugs and alcohol when the assault on the plaintiff occurred. The plaintiff contended that her injury was caused by the failure of the defendant parents to exercise reasonable control over their son. The Court, in resolving the issue against the plaintiff, held foreseeability to be lacking, stating the rule in such cases as follows:

The correct rule is that the parent of an unemancipated child may be held liable in damages for failing to exercise reasonable control over the child's behavior if the parent had the ability and the opportunity to control the child and knew or should have known of the necessity for exercising such control. Before it may be found that a parent knew or should have known of the necessity for exercising control over the child, *it must be shown that the parent knew or in the exercise of due care should have known of the propensities of the child and could have reasonably foreseen that failure to control those propensities would result in injurious consequences.* This does not mean that the particular injury occurring must have been foreseeable, but merely that consequences of a generally injurious nature might have been expected. The issue in the final analysis is whether the particular parent exercised reasonable care under all of the circumstances.

*Id.* (cites omitted) (emphasis added).

[2] Following these well-reasoned decisions of our Supreme Court, we are persuaded that foreseeability of harm to pupils in the class or at the school is the test of the extent of the teacher's duty to safeguard her pupils from dangerous acts of fellow pupils, and absent circumstances under which harm to her pupils might have been reasonably foreseen during her absence, that defendant Stewart was not under a duty to either remain with her class at all times or to provide other adult supervision at all times while she was absent.

[3] Plaintiff contends that previous acts of unruly and undisciplined conduct by other pupils in Kristin's class were sufficient to charge defendant Stewart with the knowledge that injuries to her pupils might occur while she was absent from her classroom. We do not agree. The evidence shows that defendant Stewart was aware of only one previous incident of pupil misbehavior during her absences from the classroom, an incident on the day preceding the day of Kristin's injury when other pupils were throwing an eraser at each other. That incident reflects conduct of a mischievous and unruly nature, not of an assaultive or dangerous nature, and was not sufficient to charge defendant Stewart with the requisite knowledge that the pupils might injure or harm each other in her absence.

The evidence showed that defendant Stewart was also aware of an "orange" fight which had taken place in the hall near Stewart's classroom, some weeks previous to Kristin's injury. Plaintiff contends that such an incident was sufficient to put defendant Stewart on notice of the danger that her pupils might harm each other in her absence. Again we disagree. Elementary school children, while certainly capable of harming one another, cannot be expected to be model citizens at all times, and the mild exuberance demonstrated by throwing oranges or portions of oranges at one another is not an example of assaultive or dangerous conduct.

Taking plaintiff's evidence as true and considering it in the light most favorable to plaintiff, giving plaintiff the benefit of every reasonable inference to be drawn therefrom, *Manganello v. Permastone, Inc.*, 291 N.C. 666, 231 S.E. 2d 678 (1977), and giving plaintiff the benefit of any of defendant's evidence which was favorable to plaintiff, *Home Products Corp. v. Motor Freight, Inc.*, 46 N.C. App. 276, 264 S.E. 2d 774, *disc. rev. denied*, 300 N.C. 556, 270 S.E. 2d 105 (1980), recovery cannot be had by plaintiff under any view of the facts which the evidence tended to establish. The directed verdict for defendant Stewart was correctly entered.

[4] Plaintiff has brought forward one additional assignment of error, to the trial court's denial of plaintiff's G.S. 1A-1, Rule 15(b) motion to amend his complaint to assert the negligence of the principal of the school. Plaintiff's motion was not made until after the jury indicated its inability to reach a verdict and the trial court had declared a mistrial. As we stated earlier, the case was tried on the theory of defendant Stewart's negligence. Before the case went to the jury, plaintiff tendered issues which did not include the negligence of the principal. The issues submitted by the Court to the jury made no reference to the negligence of the principal, but referred only to the negligence of defendant Stewart. While plaintiff's proposed amendment did assert negligence on the part of the principal, it did not allege that such negligence proximately caused Kristin's injury. Under these circumstances, the decision as to whether to allow the amendment was in the discretion of the trial court, and we see no abuse of that discretion in denying the motion.

The judgment and orders below are in all respects

Affirmed.

Judges VAUGHN and WHICHARD concur.