ALLISON PATRICE WINTERS, PLAINTIFF v. MARIE C. LEE, DEFENDANT

No. 9326SC404

(Filed 2 August 1994)

**Negligence § 18 (NCI4th)— defendant lending vehicle to grandson—plaintiff subsequently assaulted by grandson— no foreseeability alleged—action properly dismissed**

The trial court properly dismissed plaintiff's negligence complaint against defendant whose grandson cut plaintiff with a knife

37 times where plaintiff alleged that the grandson was living with defendant at the time of the assault; defendant knew her grandson was "intoxicated," "visibly emotionally disturbed," and "had a history of committing acts of violence" against plaintiff; and defendant provided her grandson the use of her vehicle when she reasonably should have known that he was likely to travel to plaintiff's residence and commit some act of violence upon her; but there was no declaration of any facts supporting any nexus of foreseeability between defendant's act of lending her automobile to her grandson and plaintiff's subsequent injury.

**Am Jur 2d, Negligence §§ 502, 503.**

Appeal by plaintiff from order entered 14 January 1993 by Judge Claude S. Sitton in Mecklenburg County Superior Court. Heard in the Court of Appeals 2 February 1994.

*Joseph F. Lyles for plaintiff-appellant.*

*Bailey & Thomas, P.A., by John R. Fonda and Scott O'Neal, for defendant-appellee.*

JOHN, Judge.

Plaintiff contends the trial court erred by granting defendant's motion to dismiss under N.C.R. Civ. P. 12(b)(6). We disagree.

Plaintiff's complaint contained the following allegations: on 22 September 1989, Randy Cable (Randy) cut plaintiff with a knife 37 times. Defendant is the grandmother of Randy and at the time of the incident, Randy was living with defendant. Defendant knew Randy was "intoxicated," "visibly emotionally disturbed," and "had a history of committing acts of violence" against plaintiff. Paragraph 11 accuses defendant of the following acts of negligence:

a. The Defendant carelessly and negligently provided Randy . . . the use of her vehicle at a time when she knew or reasonably should have known that he posed a present danger to the person of the Plaintiff.

b. The Defendant carelessly and negligently provided Randy . . . the use of her vehicle at a time when she knew or reasonably should have known that he was likely to travel to the Plaintiff's residence, and commit an assault and battery, or some other act of violence upon the Plaintiff.

Defendant moved to dismiss plaintiff's complaint on grounds it failed to state a claim upon which relief could be granted. N.C.R. Civ. P. 12(b)(6). On 14 January 1993, the trial court granted defendant's motion.

In order to avoid dismissal under Rule 12(b)(6), a party must "state enough to satisfy the substantive elements of at least some legally recognized claim." *Hewes v. Johnston*, 61 N.C. App. 603, 604, 301 S.E.2d 120, 121 (1983) (citation omitted). We believe plaintiff's complaint fails to meet this test.

Plaintiff argues her complaint sets forth a cause of action based upon principles of ordinary common law negligence. To establish a *prima facie* case of actionable negligence, a plaintiff must allege facts showing: (1) defendant owed plaintiff a duty of reasonable care; (2) defendant breached that duty; (3) defendant's breach was an actual and proximate cause of plaintiff's injury; and (4) plaintiff suffered damages as the result of defendant's breach. *Southerland v. Kapp*, 59 N.C. App. 94, 95, 295 S.E.2d 602, 603 (1982); *see also* W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 30 (5th ed. 1984).

An inherent component of any ordinary negligence claim is *reasonable foreseeability of injury*, which has been discussed by our courts both in terms of the duty owed, *see, e.g., James v. Board of Education*, 60 N.C. App. 642, 648, 300 S.E.2d 21, 24 (1983) and of proximate cause, *see, e.g., Hairston v. Alexander Tank & Equipment Co.*, 310 N.C. 227, 233, 311 S.E.2d 559, 565 (1984). In order to plead this element properly, a plaintiff must set out allegations showing that "a man of ordinary prudence would have known that [plaintiff's injury] or some similar injurious result was *reasonably foreseeable* . . . ." *Hart v. Ivey*, 332 N.C. 299, 305, 420 S.E.2d 174, 178 (1992). However, foreseeability "requires only reasonable prevision. A defendant is not required to foresee events which are merely possible but only those which are reasonably foreseeable." *Hairston*, 310 N.C. at 234, 311 S.E.2d at 565.

Plaintiff maintains the foreseeability element of her claim is satisfied by her allegation that defendant provided Randy with the use of her vehicle "at a time when she knew or reasonably should have known that he was likely to travel to the [p]laintiff's residence, and commit an . . . act of violence upon the [p]laintiff." She relies almost exclusively upon the recent case of *Hart v. Ivey* to support this contention.

In *Hart v. Ivey*, plaintiffs suffered injury when their automobile was struck by a drunken driver. They brought suit against defendants who had served alcoholic beverages to the driver, alleging negligence in providing an alcoholic beverage "to a person they knew or should have known was under the influence of alcohol" and who "would shortly thereafter drive an automobile." *Hart*, 332 N.C. at 305, 420 S.E.2d at 178. As in the case *sub judice*, the trial court dismissed the complaint pursuant to Rule 12(b)(6). In holding plaintiffs had stated a claim, our Supreme Court observed that defendants were under a duty to persons who travel on the highways "not to serve alcohol to an intoxicated individual who was known to be driving." *Hart*, 332 N.C. at 305, 420 S.E.2d at 178. The Court further noted that upon these allegations, a jury could find "that a man of ordinary prudence would have known that such or some similar injurious result was reasonably foreseeable . . . ." *Id.*

The *Hart* defendants in effect placed a dangerous instrumentality, a drunken driver, behind the wheel of a motor vehicle. That instrumentality, while operating the vehicle, thereafter crashed into plaintiffs' automobile causing them injury. We agree with the *Hart* court that a person of ordinary prudence would have known that an automobile collision, or some similar injurious result, was foreseeable at the time alcohol was served to the drunken driver.

The case *sub judice* bears similarity to *Hart v. Ivey* in that plaintiff herein claimed defendant had placed a dangerous instrumentality —a driver known by defendant to be intoxicated, emotionally upset, and to have a history of violence towards plaintiff—behind the wheel of a motor vehicle. However, the similarity ends at that point. In *Hart v. Ivey*, the intoxicated driver was alleged to have subsequently injured plaintiffs who were also operating a motor vehicle; as previously indicated, such injuries are foreseeable consequences of placing a drunk driver behind the wheel of an automobile. Here, plaintiff's complaint stated the intoxicated driver (Randy) drove to her home and thereafter attacked her. Thus, unlike *Hart*, the case *sub judice* involves an assault by a driver removed from the defendant's alleged act of placing that driver (drunken or otherwise) on the roadway and also removed from the driver's use of the automobile itself. Under these circumstances, we find two other cases from our Supreme Court more pertinent to the present controversy.

In *Moore v. Crumpton*, 306 N.C. 618, 295 S.E.2d 436 (1982), the Court considered parental liability for a rape committed by defend-

ants' unemancipated son. The trial court had granted the parents' motion for summary judgment. Evidence presented to the court indicated the son was intoxicated when he assaulted plaintiff and had used a knife to facilitate the rape. Further, the son had a long history of undisciplined behavior and defendant father knew that his son: had been involved in drug and alcohol abuse, had engaged in sexual intercourse, and had committed an assault with a deadly weapon at least one year prior to the rape in question. In holding foreseeability lacking, the Supreme Court noted there was no recent information tending to warn the parent that his son might become involved in a rape with the use of a deadly weapon. *Moore*, 306 N.C. at 627, 295 S.E.2d at 442.

In *Toone v. Adams*, 262 N.C. 403, 137 S.E.2d 132 (1964), the Court considered the actions of defendant baseball manager who repeatedly engaged in heated argument with plaintiff umpire during a baseball game attended by 3,452 paying fans. In the ninth inning, plaintiff ejected defendant from the game; before leaving the field, defendant protested for approximately ten minutes. While exiting the field after the game, plaintiff was struck in the head by an angry fan. Plaintiff alleged the defendant baseball club and its manager should reasonably have foreseen that the manager's partisan behavior would result in injury to plaintiff. In dismissing the plaintiff's complaint, the Court noted that "[a]n act is negligent if the actor intentionally creates a situation which he knows, or should realize, is likely to cause a third person to act in such a manner as to create an unreasonable risk of harm to another." *Toone*, 262 N.C. at 409, 137 S.E.2d at 136. In reaching its decision, the Court quoted and relied upon the following rule from *Hiatt v. Ritter*, 223 N.C. 262, 25 S.E.2d 756 (1943):

> "One is bound to anticipate and provide against what usually happens and what is likely to happen; but it would impose too heavy a responsibility to hold [defendants] bound in like manner to guard against what is unusual and unlikely to happen or what, as it is sometimes said, is only remotely and slightly probable."

*Hiatt*, 223 N.C. at 265, 25 S.E.2d at 758 (quoting *Stone v. Boston & A.R. Co.*, 51 N.E. 1 (Mass. 1898)).

After considering the relevant law, in particular *Toone* and *Moore*, we are persuaded that a person of ordinary prudence, with the knowledge ascribed to defendant in the complaint, would not have anticipated that plaintiff's injury or one similar was likely to occur. In reaching this conclusion, we necessarily focus on defendant's alleged

negligent act, *i.e.*, furnishing her automobile to Randy. Plaintiff asserted only that defendant loaned the vehicle to Randy with awareness he was "intoxicated," "visibly emotionally disturbed," and had a "history of committing acts of violence" against plaintiff. While a motor vehicle collision may be a reasonably foreseeable consequence of such an act, *see Hart*, 332 N.C. at 305, 420 S.E.2d at 178, we do not believe it foreseeable by a person of ordinary prudence that Randy would thereafter drive to a private residence and stab or otherwise assault the occupant. Although it is alleged Randy had a history of committing violent acts against plaintiff, nothing in the complaint suggests this history was in any way associated with the use of a motor vehicle, or indeed with intoxication or being "emotionally disturbed." Further, there is no claim Randy said or did anything which reasonably would have put defendant on notice that Randy was contemplating using the automobile to commit an assault or similar act of violence. Reviewing plaintiff's complaint, one finds no declaration of facts supporting any nexus of foreseeability between defendant's act of lending her automobile to Randy and plaintiff's subsequent injury.

Under these circumstances, plaintiff's complaint fails to allege facts sufficient "to satisfy [one of] the substantive elements," of a claim of common law negligence, *i.e.*, foreseeability. *Hewes v. Johnston*, 61 N.C. App. at 604, 301 S.E.2d at 121. Accordingly, the trial court properly allowed defendant's motion to dismiss.

Affirmed.

Judges WELLS and McCRODDEN concur.

Judge WELLS concurred prior to 30 June 1994.