Ronald L. CRITZER, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 4:96–CV–19–H–3.

United States District Court,
E.D. North Carolina,
Eastern Division.

Dec. 20, 1996.

Joseph T. Edwards, Edwards & Edwards, Greenville, NC, for Ronald L. Critzer.

Paul M. Newby, Asst. U.S. Atty., U.S. Attorney Office, Raleigh, NC, for U.S.

## ORDER

MALCOLM J. HOWARD, District Judge.

This matter comes before the court on the defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or alternatively, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The defendant United States filed this motion to dismiss on August 13, 1996. The plaintiff filed his response in opposition to the motion on October 21, 1996. The defendant then filed a reply on November 5, 1996. This matter is ready for adjudication.

*Statement of the Case*

The plaintiff Ronald L. Critzer commenced this action on March 1, 1996, alleging that as a direct result of the negligence of the defendant, the plaintiff incurred bodily injury. This claim is brought against the defendant

United States of America through the United States Postal Service ("USPS"), pursuant to 28 U.S.C. §§ 1346(b) and 2671 *et seq.*, the Federal Tort Claims Act ("FTCA").

At the time of the alleged injury, the plaintiff was a painting subcontractor of the general contractor doing alteration work on the USPS facility at 310 New Bern Avenue, Raleigh, North Carolina.

Prior to the fall of 1991, the USPS had entered into indefinite quantity contracts with an architect and a general contractor.[1] On November 11, 1991, plaintiff was told to paint around a column near the old lobby area where the general contractor was cutting the last section of bulkhead/wall. When the last section was cut, the entire 120 feet of remaining bulkhead and wall fell through the tile ceiling, part of it hitting and injuring plaintiff. Plaintiff has sued the United States in this action alleging that it was negligent in approving the plan to remove the remaining bulkhead and in inspecting the work. Plaintiff contends that he should have been warned by the defendant United States, through its project manager, of the unsafe condition created by the general contractor.

## Discussion

The plaintiff filed his claim under the Federal Tort Claims Act. That statute permits a plaintiff who is injured by the negligence of an agent or employee of the United States acting within the scope of his or her office or employment to recover as if the United States were a private person and according to the law of the place in which the act or omission occurred. 28 U.S.C. § 1346(b) (1995).

Summary judgment, authorized by Rule 56 of the Federal Rules of Civil Procedure, is to be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See, e.g.,* *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The party moving for summary judgment bears the initial burden of showing that there is no genuine issue of material fact. *Kimmell v. Seven Up Bottling Co.,* 993 F.2d 410 (4th Cir.1993), *citing Celotex Corp.,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The non-moving party bears the burden of coming forward with evidence to oppose summary judgment. *Id.* A non-movant "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits ..., must set forth specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e).

The defendant contends that this court does not have subject matter jurisdiction in this matter. The plaintiff carries the burden in such matters to demonstrate to the court that such jurisdiction does in fact exist. This court will consider evidence beyond the pleadings, but may dismiss this action under 12(b)(1) for lack of subject matter jurisdiction. *Robb v. United States,* 80 F.3d 884, 891 (4th Cir.1996).

The defendant contends that

[t]he U.S. Postal Service uses its employees as project managers. The project manager, as a representative of the landowner (or lessee), USPS, monitors compliance of both the architect and the general contractor for timely compliance with the contract. The project manager relies upon the architect to safely and effectively design the project, prepare the architectural drawings and specifications and prepare the unit cast estimate. Once a work order is entered, the project manager relies upon the architect to be the on-site representative of the owner, to ensure that the job is done well, with proper quality and timing, and to resolve onsite problems. No one at the USPS exercised any day-to-day control of the methods or manner that the general contractor performed its work. (Citations omitted). Def. Memo p. 2.

Defendant asserts that this action should be dismissed because of the independent con-

---

**1.** An *indefinite quantity contract* establishes the conditions and pricing structure for various postal construction projects that may occur during the year. Architects and contractors bid on the indefinite quantity contracts. Once chosen, the architect and general contractor will be given the various projects that occur in their geographic area.

tractor defense to an FTCA action. The defendant has directed the court to facts which support the contention that the government did not control the day-to-day conduct of the general contractor. Additionally, the defendant contends that the mere "right" to inspect and demand compliance with the contract is not enough to attach an agency theory. Further, that the general contractor directed the plaintiff to work in an area it knew or should have known was unsafe is the essence of the negligence action. Therefore, the defendant contends that the government cannot be held accountable for the negligence of the general contractor who was conducting business as an independent contractor.

The plaintiff contends that the undisputed facts demonstrated by the change order and the written contract between the government and the general contractor show an agency relationship vice one with an independent contractor. The plaintiff contends that the negligence of the project manager is the proximate cause of the plaintiff's injuries; that the postal service had both actual and constructive notice of the dangerous condition of the inadequately supported bulkhead and failed to do anything to warn the plaintiff; that the postal service retained the right to control the manner and method of the contractor's work, and therefore, cannot assert the independent contractor defense in this case; that defendant's negligence was a proximate cause of plaintiff's injuries, and defendant cannot assert general contractor's alleged negligence or any settlement with general contractor as a bar to plaintiff's recovery; and, plaintiff had been on the worksite for only hours prior to the bulkhead falling and had no way of knowing of the dangerous condition above his head concealed by the acoustical tile ceiling.

### Court's Analysis

■ In order for a party to successfully pursue a negligence action in North Carolina, the plaintiff must establish a prima facie negligence claim: (1) that the defendant owed a duty of care to the plaintiff; (2) that the defendant breached its duty of care; (3) that as a proximate result of the defendant's breach of the duty of care, the plaintiff was

injured; and, (4) the plaintiff was actually injured and damaged. *Winters v. Lee*, 115 N.C.App. 692, 693, 446 S.E.2d 123, 124 (1994); *Crinkley v. Holiday Inns, Inc.*, 844 F.2d 156, 160 (4th Cir.1988).

Congress has not waived sovereign immunity of the government through FTCA for injuries resulting from actions of independent contractors performing work for the government. 28 U.S.C.A. §§ 1346(b), 2671. Although state law governs substantive duties of the United States under the FTCA, whether a person is a contractor or employee for purposes of FTCA is determined under federal law. 28 U.S.C.A. §§ 1346(b), 2671.

■ The court does not find it necessary to analyze the North Carolina elements of negligence at this juncture. Rather, this matter initially pivots on whether this court has subject matter jurisdiction. The test in determining whether an alleged tort-feasor is an employee rather than an independent contractor of the United States, and thus whether sovereign immunity has been waived under the FTCA, is to determine if the contractor's detailed physical performance is subject to governmental supervision. 28 U.S.C.A. § 2671. Congress intended that a common law agency test would govern the determination of employee or independent contractor status when excluding independent contractors from the coverage of the FTCA. *NLRB v. United Ins. Co. Of America*, 390 U.S. 254, 256, 88 S.Ct. 988, 989–90, 19 L.Ed.2d 1083 (1968). Courts analyze this issue by applying the "right to control" test:

> When the person for whom services are performed retains the right to control the manner and means by which those services are to be accomplished and particularly when that person provides supervision as to the details of the work, the workers are considered employees.

*Air Transit, Inc. v. NLRB*, 679 F.2d 1095, 1098 (4th Cir.1982). See also, *Yellow Taxi Co. v. NLRB*, 721 F.2d 366, 374 (D.C.Cir. 1983); *NLRB v. A.S. Abell Co.*, 327 F.2d 1, 4 (4th Cir.1964); 460 Restatement (Second) of Agency § 220 (1958).

After examining the record in the light most favorable to the plaintiff, this court must determine as a matter of law whether the general contractor was an independent contractor, thus relieving the United States of liability. This court does find that the postal service project manager exercised a great deal of supervision in the renovation of the post office, thereby pulling the government close to a vicarious liability situation. However, the project manager's relationship and conduct does not rise to that high level required to define an agency relationship. Therefore, the court finds that the general contractor was acting in the capacity of an independent contractor at the time of the plaintiff's unfortunate injury.

### Conclusion

Accordingly, the defendant's motion to dismiss for lack of subject matter jurisdiction is hereby GRANTED. The clerk is directed to close this case.