I must respectfully dissent from the decision of the Full Commission affirming the decision of the deputy commissioner by finding that plaintiff has met his burden of proving negligence on the part of the school bus driver.
The Tort Claims Act requires strict construction. NorthwesternDistribution, Inc. v. N.C. Dept. of Transportation, 41 N.C. App. 548,255 S.E.2d 203, cert. denied, 298 N.C. 567, 261 S.E.2d 123 (1979). Negligence is determined by the same rules applicable to private parties. Bolkir v. N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898,900 (1988). A claimant seeking to recover for negligence in a civil claim is required to prove the existence of a duty; a breach of that duty by the defendant or named employees in the case of a tort claim against the state and an injury sustained which occurred as a proximate result of the breach of duty. Pulley v. Rex Hospital, 326 N.C. 701, 392 S.E.2d 380
(1990). Plaintiff has failed to prove by a preponderance of the evidence that Mr. Staples, the school bus driver was negligent.
In the instant case the instrument of injury was a pencil wielded by a fellow student, Mason King, and was not under the exclusive control of defendant. Plaintiff initially claimed that it was the negligent driving of Mr. Staples that caused the bus to jostle the child who then lost control of the pencil. According to the testimony, Mr. Staples was driving below the speed limit when he slowed to account for a known dip in the road that he was unable to avoid. Plaintiff presented no evidence that Mr. Staples failed to use reasonable care in his driving of the school bus as a reasonable and prudent person. The evidence shows that Mr. Staples exercised extra caution in driving the school bus on that particular section of the road.
The second aspect of this case is plaintiff's allegation that Mr. Staples' negligent supervision allowed the pencil to remain in the student's hand and resulted in plaintiff's eye injury.
Mr. Staples had warned the children on his bus that all writing utensils were to be put away in their bags while riding the bus prior to the day this incident occurred. Mr. Staples warned Mason King to put his pencil away on the day of the incident. Plaintiff and Mason were sitting 6 rows behind the bus driver. Mason was in the seat next to the window, while plaintiff was on the aisle. There were 15 children present at the time of the incident. Mr. Staples did all that the reasonably prudent person would do under these circumstances, in that he told the child to put away his pencil and expected that child to follow his direction. It is unreasonable to state that Mr. Staples is required to be aware of all traffic conditions while simultaneously watching 15 children. Even teachers, who are entrusted with the care for minor children during school hours are not expected to have their eyes upon all children at all times. James. v. Charlotte-Mecklenburg Board of Education,60 N.C. App. 642, 300 S.E.2d 21 (1983).
While elementary school children are capable of harming one another, they are also capable of following rules. The rule was established that the children were not allowed to have writing utensils while riding the school bus. The driver had informed the children of the rule and the day of the accident he had asked Mason to put away his pencil. The fact that Mason failed to put away his pencil does not equate to negligence on the part of Mr. Staples. Further, plaintiff did not state that Mason was a particularly disobedient child for whom it would have been reasonably foreseeable that he would disobey the order by Mr. Staples to put away the pencil. The majority is asking that a school bus driver who is charged with supervision of the children in his care in addition to driving the bus safely be required to take a more active role in the supervision of the children. No evidence was presented that Mr. Staples could have feasibly done anything further to prevent the injury. The majority is placing an increased standard beyond that of the reasonably prudent person upon the school bus driver.
Plaintiff has failed to prove that the bus driver was negligent in his driving or in his supervision of the minor children in his care. For the foregoing reasons I respectfully dissent from the decision of the majority to affirm the deputy commissioner.
This the 29th day of April 2005.
 S/_______________ DIANNE C. SELLERS COMMISSIONER