WILLIE B. TART v. JAMES L. MARTIN and PEGGY H. MARTIN

No. 174PA00

(Filed 21 December 2000)

**1. Motor Vehicles— negligent entrustment—insufficient evidence of vehicle ownership**

The Court of Appeals erred by reversing a summary judgment arising from an automobile accident as to defendant Peggy Martin where the Court of Appeals reversed on the issue of negligent entrustment, but Ms. Martin's name was not on the title to the vehicle and there is no document that would support the contention that she was the owner.

**2. Motor Vehicles— negligent entrustment—summary judgment—insufficient evidence of careless driver**

The Court of Appeals erred in an action arising from an automobile accident by reversing the trial court's summary judgment for defendant James Martin on the theory of negligent entrustment. One moving violation by the driver of the car (defendant's son, Jonathan) more that two years prior to the collision and his no-fault involvement in three accidents one to two years prior to the collision do not support a conclusion that Jonathan was so likely to cause harm to others that entrusting a motor vehicle to him amounted to negligent entrustment.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 137 N.C. App. 371, 527 S.E.2d 708 (2000), affirming in part and reversing in part an order for summary judgment entered by Eagles, J., on 10 February 1999, in Superior Court, Guilford County. Heard in the Supreme Court 16 October 2000.

*Schlosser, Neill & Brackett, by Jan Elliott Pritchett, for plaintiff-appellee.*

*Teague, Rotenstreich & Stanaland, L.L.P., by Kenneth B. Rotenstreich and Paul A. Daniels, for defendant-appellants.*

WAINWRIGHT, Justice.

This appeal involves the theory of negligent entrustment, which imposes liability upon the owner of a motor vehicle for a third party's

negligent operation of the vehicle. On 5 October 1998, plaintiff Willie B. Tart filed suit against defendants James L. Martin and Peggy H. Martin, alleging that defendants were liable for their son's negligence in an automobile accident under the family purpose doctrine and the theory of negligent entrustment. Defendants answered denying their liability and thereafter filed a motion for summary judgment. On 10 February 1999, the trial court entered an order granting defendants' motion for summary judgment as to all claims. Plaintiff appealed to the Court of Appeals, which affirmed summary judgment as to the family purpose doctrine but reversed summary judgment as to the theory of negligent entrustment. *Tart v. Martin*, 137 N.C. App. 371, 527 S.E.2d 708 (2000). On 15 June 2000, this Court allowed defendants' petition for discretionary review.

On 6 October 1995, Jonathan Wayne Martin (Jonathan), defendants' son, drove a 1984 Ford vehicle through a stop sign and collided with a vehicle driven by plaintiff. As a result of the collision, Jonathan was killed and plaintiff was injured. At the time of the accident, Jonathan was eighteen years old and a member of defendants' household. The vehicle driven by Jonathan was titled in the name of his father, James Martin. At the time of the purchase of the vehicle, Jonathan was unable to contract for its purchase because he was a minor. Because of this limitation, as is often the practice in our society, Jonathan reimbursed his parents for the automobile's purchase and maintenance. Jonathan made regular payments to his father and paid all repair, maintenance, insurance, and operating costs. Jonathan was the only person who drove the vehicle, and he kept both sets of keys to the vehicle. In sum, Jonathan kept the vehicle for his own pleasure and convenience and had actual and exclusive control of the vehicle. Neither James nor Peggy Martin drove the vehicle, as both defendants had their own automobiles.

Defendants, in their affidavits, admitted their prior knowledge of Jonathan's prior conviction for a moving violation of driving fifty miles per hour in a thirty-five miles per hour zone (reduced from a charge of seventy-five miles per hour in a thirty-five miles per hour zone). This conviction was entered on 17 September 1993, more than two years prior to the collision in the instant case. Defendants acknowledged that Jonathan had been involved, but was not at fault, in three automobile accidents between 15 March 1993 and 27 November 1994. Defendants stated in their affidavits that the first accident was caused by the driver of a truck running a stop sign and colliding with Jonathan; the second accident was caused by Jonathan

swerving into a ditch to avoid a collision with a car which suddenly stopped in front of him; and the third accident occurred when Jonathan collided with a motorcyclist who was stopped in the roadway on a dark, rainy night without headlights or signal lights. The record in this case further reveals that Jonathan was a licensed driver since age sixteen and that his license had never been suspended or revoked.

[1] At the outset, the parties agree that the Court of Appeals erred in reversing summary judgment as to defendant Peggy Martin. Her name is not on the title to the vehicle, and there is no document that would support the contention that she was the owner. We agree and therefore reverse the Court of Appeals on this issue.

[2] As a result of the foregoing, the remaining question is whether the Court of Appeals erred in reversing the trial court's order granting summary judgment to defendant James Martin on the issue of negligent entrustment.

Summary judgment is properly granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no *genuine* issue as to any *material* fact and that any party is entitled to a judgment *as a matter of law.*" N.C.G.S. § 1A-1, Rule 56(c) (1999) (emphasis added); *accord Fordham v. Eason,* 351 N.C. 151, 159, 521 S.E.2d 701, 706 (1999).

Negligent entrustment is established when the owner of an automobile " 'entrusts its operation to a person whom he knows, or by the exercise of due care should have known, to be an incompetent or reckless driver[,]' [*Heath v. Kirkman,* 240 N.C. 303, 307, 82 S.E.2d 104, 107 (1954),] who is 'likely to cause injury to others in its use[,]' [*Bogen v. Bogen,* 220 N.C. 648, 650, 18 S.E.2d 162, 163 (1942)]." *Swicegood v. Cooper,* 341 N.C. 178, 180, 459 S.E.2d 206, 207 (1995). Based on his own negligence, the owner is "liable for any resulting injury or damage proximately caused by the borrower's negligence." *Id.*; *see also Roberts v. Hill,* 240 N.C. 373, 377, 82 S.E.2d 373, 377 (1954).

Plaintiff contends, and the Court of Appeals agreed, that the trial court improperly granted summary judgment on the issue of negligent entrustment because, as a matter of law, Jonathan's only moving violation more than two years prior to the collision and his no-fault involvement in three accidents support a conclusion that he

was an incompetent or reckless driver likely to cause injury to others. We disagree.

This Court has previously addressed the requisite evidence that warrants submission of the issue of negligent entrustment to the jury. In *Swicegood,* for example, we held that the issue of negligent entrustment was properly submitted to the jury where the driver had accumulated three safe-movement violations and six speeding convictions in a span of six years. *Swicegood,* 341 N.C. at 179, 459 S.E.2d at 206. Also, in *Dinkins v. Booe,* 252 N.C. 731, 114 S.E.2d 672 (1960), this Court approved submission of negligent entrustment to the jury where the owner of the automobile knew that the driver had a "very serious" automobile accident a few years earlier, had another accident two years later, and had a conviction for driving without a license from several years before. *Id.* at 735, 114 S.E.2d at 675; *see also Boyd v. L.G. DeWitt Trucking Co.,* 103 N.C. App. 396, 405 S.E.2d 914 (submission to jury proper where driver had received two convictions for driving under the influence of alcohol, three convictions for reckless driving, and six convictions for speeding), *disc. rev. denied,* 330 N.C. 193, 412 S.E.2d 53 (1991).

In the instant case, notwithstanding the issue of ownership, or whether this was an entrustment arrangement, we hold that the trial court's granting of summary judgment was proper. Jonathan's only moving violation more than two years prior to the collision and his no-fault involvement in three accidents one to two years prior to the collision will not, as a matter of law, support a conclusion that Jonathan was so likely to cause harm to others that entrusting a motor vehicle to him amounted to negligent entrustment.

Having determined that summary judgment was proper, we need not determine any other issues. Accordingly, we reverse the decision of the Court of Appeals.

REVERSED.