JOSEPH CARSANARO, Plaintiff v. JOHN TREVOR COLVIN, Defendant

No. COA11-43

(Filed 6 September 2011)

## 1. Appeal and Error—interlocutory orders and appeals—substantial right—claims connected and intertwined

Plaintiff's appeal from a portion of the trial court's order dismissing his claim for negligent infliction of a sexually transmitted disease affected a substantial right and was thus entitled to immediate review. Each of plaintiff's causes of action was based upon injuries suffered as a result of the same underlying conduct, which was defendant's sexual affair with plaintiff's wife. The claims were connected and intertwined to such a degree that they should have been determined by a single jury.

## 2. Appeal and Error—interlocutory orders and appeals— denial of motion to dismiss

Defendant's cross-appeal from an interlocutory order denying defendant's motion to dismiss plaintiff's remaining claims was dismissed. Denial of a motion to dismiss for failure to state a claim is not a final determination within the meaning of N.C.G.S. § 1-277(a) and does not affect a substantial right.

## 3. Sexual Offenses—negligent infliction of sexually transmitted disease—motion to dismiss—sufficiency of evidence

The trial court erred by dismissing plaintiff's claim for negligent infliction of a sexually transmitted disease (NISTD) against defend- ant who had a sexual affair with plaintiff's wife. The duty owed by an individual who knows or has reason to know that he has contracted a sexually transmitted disease is to warn those persons with whom he expects to have sexual relations of his condition. This duty also extends to the spouse of the infected person's sexual partners if the spouse is known or should have been known to the infected person at the time of the sexual intercourse. Further, plaintiff's attempt to

recover damages for criminal conversation did not foreclose recovery for NISTD.

Appeal by plaintiff and cross-appeal by defendant from order entered 7 October 2010, *nunc pro tunc* 7 September 2010, by Judge Carl R. Fox in Orange County Superior Court. Heard in the Court of Appeals 26 May 2011.

*Bagwell Holt Smith Jones & Crowson, P.A., by Nathaniel C. Smith and John G. Miskey, IV, for plaintiff-appellant/cross-appellee.*

*Gailor, Wallis & Hunt, P.L.L.C., by S. Nicole Taylor and Stephanie T. Jenkins, for defendant-appellee/cross-appellant.*

CALABRIA, Judge.

Joseph Carsanaro ("plaintiff") appeals from the portion of the trial court's order dismissing his claim against John Trevor Colvin ("defendant") for negligent infliction of a sexually transmitted disease ("NISTD"). Defendant cross-appeals from the portion of the trial court's order denying his motion to dismiss plaintiff's claims for criminal conversation, intentional infliction of emotional distress ("IIED"), and negligent infliction of emotional distress ("NIED"). We reverse the trial court's dismissal of plaintiff's NISTD claim and dismiss defendant's cross-appeal.

## I. Background

According to the allegations in plaintiff's complaint, plaintiff and Jacqueline Carsanaro ("Mrs. Carsanaro") married in August 1989. Beginning in January 2009, defendant engaged in clandestine email communications with Mrs. Carsanaro in which defendant professed his longstanding attraction to her. On 1 February 2009, plaintiff discovered some of these emails.

On 4 February 2009, plaintiff sent defendant an email informing defendant that he had discovered the emails between defendant and Mrs. Carsanaro and asking defendant to stay away from his family. Defendant responded to the email and promised to stay away. However, in early April 2009, defendant and Mrs. Carsanaro engaged in sexual intercourse. This sexual relationship continued through September 2009.

In May 2009, plaintiff felt flu-like symptoms and discovered a sore area on his penis. Plaintiff sought a medical evaluation and it was determined that he had contracted genital herpes. In September 2009, plaintiff confronted Mrs. Carsanaro about her relationship with defend-

ant. Mrs. Carsanaro admitted that she had engaged in a sexual relationship with defendant and stated that she believed she had contracted genital herpes from defendant.

On 14 June 2010, plaintiff initiated an action against defendant in Orange County Superior Court. Plaintiff's complaint included claims for criminal conversation, NISTD, IIED, and NIED. On 28 July 2010 and 18 August 2010, defendant filed motions to dismiss all of plaintiff's claims for failure to state a claim upon which relief may be granted. On 7 October 2010, the trial court granted defendant's motion to dismiss plaintiff's claim for NISTD and denied defendant's motion for the remaining claims. Plaintiff appeals and defendant cross-appeals.

## II.  Interlocutory Appeals

**[1]** As an initial matter, we note that the trial court's order is interlocutory, as it does not dispose of all of plaintiff's claims.

> An appeal from an interlocutory order is permissible only if [(1)] the trial court certified the order under Rule 54(b) of the Rules of Civil Procedure, or (2) the order affects a substantial right that would be lost without immediate review. The burden rests on the appellant to establish the basis for an interlocutory appeal.

*Chidnese v. Chidnese*, ___ N.C. App. ___, ___, 708 S.E.2d 725, 730 (2011) (citation omitted). The trial court's order does not include a Rule 54(b) certification, and thus, the instant case is only properly before us if it affects a substantial right. Both parties contend that the trial court's order affects a substantial right, but "acquiescence of the parties does not confer subject matter jurisdiction on a court." *McCutchen v. McCutchen*, 360 N.C. 280, 282, 624 S.E.2d 620, 623 (2006).

### A.  Plaintiff's Appeal

This Court has stated that "[a] substantial right . . . is considered affected if 'there are overlapping factual issues between the claim determined and any claims which have not yet been determined' because such overlap creates the potential for inconsistent verdicts resulting from two trials on the same factual issues." *Liggett Group v. Sunas*, 113 N.C. App. 19, 24, 437 S.E.2d 674, 677 (1993) (quoting *Davidson v. Knauff Ins. Agency, Inc.*, 93 N.C. App. 20, 26, 376 S.E.2d 488, 492 (1989)). In *McCutchen*, our Supreme Court addressed the merits of an interlocutory appeal when the trial court had granted summary judgment on the plaintiff's claim for alienation of affections, but left the plaintiff's claim for criminal conversation unresolved. 360 N.C. at 282, 624 S.E.2d at 623. The *McCutchen* Court rea-

soned that "[b]ecause the two causes of action and the elements of damages here are so connected and intertwined, only one issue of . . . damages should [be] submitted to the jury." *Id.* As a result, the Court ultimately determined that "[i]n light of this legal interdependence, the same jury should determine damages for both claims" and held that "the interlocutory order granting summary judgment on plaintiff's alienation claim is subject to appeal." *Id.* at 283, 624 S.E.2d at 623.

In the instant case, each of plaintiff's causes of action is based upon injuries suffered as a result of the same underlying conduct: defendant's sexual affair with plaintiff's wife. Since the basis of the claims is the same conduct, the claims necessarily involve overlapping factual issues. Moreover, similar to *McCutchen*, plaintiff's damages resulting from his various causes of action are connected and intertwined to such a degree that they should be determined by a single jury. Thus, plaintiff's appeal affects a substantial right and is properly before this Court.

### B.  Defendant's Cross-Appeal

**[2]**  While plaintiff has appealed from the portion of the trial court's order *granting* defendant's motion to dismiss his claim for NISTD, defendant has appealed from the trial court's order *denying* his motion to dismiss plaintiff's remaining claims.

Denial of a motion to dismiss is interlocutory because it simply allows an action to proceed and will not seriously impair any right of defendants that cannot be corrected upon appeal from final judgment. Denial of a motion to dismiss for failure to state a claim upon which relief can be granted is not a final determination within the meaning of G.S. 1-277(a), does not affect a substantial right, and is not appealable.

*Baker v. Lanier Marine Liquidators, Inc.*, 187 N.C. App. 711, 717, 654 S.E.2d 41, 46 (2007) (internal quotations and citations omitted). Accordingly, we dismiss defendant's cross-appeal.

### III.  Standard of Review

This Court reviews an order granting a motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2009) to determine "whether the complaint states a claim for which relief can be granted under some legal theory when the complaint is liberally construed and all the allegations included therein are taken as true." *Chidnese*, ___ N.C. App. at ___, 708 S.E.2d at 730. "Our review of a trial court's ruling with respect to a motion to dismiss made pursuant

to N.C.G.S. § 1A-1, Rule 12(b)(6) is *de novo.*" *Quesinberry v. Quesinberry,* ___ N.C. App. ___, ___, 709 S.E.2d 367, 375 (2011).

## IV. Negligent Infliction of a Sexually Transmitted Disease

**[3]** Plaintiff argues that the trial court erred by dismissing his claim for NISTD. We agree.

Our Supreme Court has stated that "it is a well settled proposition of law that a person is liable if he negligently exposes another to a contagious or infectious disease[.]" *Crowell v. Crowell,* 180 N.C. 516, 519, 105 S.E. 206, 208 (1920). In *Crowell,* our Supreme Court allowed a married woman to maintain a cause of action against her husband for infecting her with venereal disease. *Id.* at 518, 105 S.E. at 207.

In the instant case, plaintiff is not suing Mrs. Carsanaro, the source of plaintiff's infection, for exposing him to genital herpes. Instead, he is suing defendant, who infected Mrs. Carsanaro. Our Courts have never addressed the scope of liability to third parties for the negligent exposure of a contagious or infectious disease. Nonetheless, "[t]he fact that a case is novel does not operate to defeat a recovery if it can be brought within the general rules applicable to torts." *Id.* at 521, 105 S.E. at 209. In the instant case, in order to establish his claim for NISTD, plaintiff must establish the traditional elements of a negligence claim.

To state a claim for common law negligence, a plaintiff must allege: (1) a legal duty; (2) a breach thereof; and (3) injury proximately caused by the breach. The law imposes upon every person who enters upon an active course of conduct the positive duty to exercise ordinary care to protect others from harm, and calls a violation of that duty negligence. The duty of ordinary care is no more than a duty to act reasonably. The duty does not require perfect prescience, but instead extends only to causes of injury that were reasonably foreseeable and avoidable through the exercise of due care. Thus, [i]t is sufficient if by the exercise of reasonable care the defendant might have foreseen that some injury would result from his conduct or that consequences of a generally injurious nature might have been expected. Usually the question of foreseeability is one for the jury.

*Fussell v. N.C. Farm Bureau Mut. Ins. Co.,* 364 N.C. 222, 226, 695 S.E.2d 437, 440 (2010) (internal quotations and citations omitted).

A.  Defendant's Duty to Plaintiff and Proximate Cause

The first issue to be determined is whether, treating the facts of plaintiff's complaint as true, defendant owed a legal duty to plaintiff. "When there is no dispute as to the facts or when only a single inference can be drawn from the evidence, the issue of whether a duty exists is a question of law for the court." *Mozingo v. Pitt County Memorial Hospital*, 101 N.C. App. 578, 588, 400 S.E.2d 747, 753 (1991). In order to determine whether defendant owed a duty to plaintiff, we must first articulate the duty that is owed to others by an individual infected with a sexually transmitted disease.

Although our Supreme Court recognized the tort of negligent exposure of a contagious or infectious disease in *Crowell*, it did not specifically address the duty owed by an individual infected with such a disease. However, several other states which have also recognized this tort had explicitly defined this duty, particularly in the context of a sexually transmitted disease. A typical formulation of the duty is as follows: "[A] person who knows, or should know, that he or she is infected with a venereal disease has the duty to abstain from sexual conduct or, at the minimum, to warn those persons with whom he or she expects to have sexual relations of his or her condition." *Mussivand v. David*, 544 N.E.2d 265, 270 (Ohio 1989); *see also Berner v. Caldwell*, 543 So. 2d 686, 689 (Ala. 1989), *overruled on other grounds by Ex Parte General Motors Corp.*, 799 So. 2d 903 (Ala. 1999); *Meany v. Meany*, 639 So. 2d 229, 235 (La. 1994); *McPherson v. McPherson*, 712. A.2d 1043, 1046 (Me. 1998); *M.M.D. v. B.L.G.*, 467 N.W.2d 645, 647 (Minn. Ct. App. 1991); *Lockhart v. Loosen*, 943 P.2d 1074, 1080 (Okla. 1997); *Hamblen v. Davidson*, 50 S.W.3d 433, 439 (Tenn. Ct. App. 2000); *Howell v. Spokane & Inland Empire Blood Bk.*, 818 P.2d 1056, 1059 (Wash. 1991). We find this articulation of the duty owed by a defendant infected with a sexually transmitted disease to be sensible and adopt it to describe the duty of defendant in the instant case.

Having defined defendant's duty pursuant to the tort of negligent exposure of a contagious or infectious disease, we must now determine whether this duty would be owed to plaintiff. While this issue is one of first impression in North Carolina, other states which have also recognized the tort have had the opportunity to consider it. In *Mussivand*, the plaintiff was infected with venereal disease by his wife after she had engaged in a sexual affair with the defendant. 544 N.E.2d at 266-67. The Supreme Court of Ohio considered the question of "what duty, if any, does a person infected with a venereal disease owe to the spouse of his paramour." *Id.* at 270. The *Mussivand* Court reasoned

that the question of how this duty applied to a third party depended upon "the foreseeability of the injury to [the plaintiff]." *Id.* at 272.

> An inherent component of any ordinary negligence claim is *reasonable foreseeability of injury*, which has been discussed by our courts both in terms of the duty owed and of proximate cause. In order to plead this element properly, a plaintiff must set out allegations showing that a man of ordinary prudence would have known that [plaintiff's injury] or some similar injurious result was *reasonably foreseeable* . . . . However, foreseeability requires only reasonable prevision. A defendant is not required to foresee events which are merely possible but only those which are reasonably foreseeable.

*Winters v. Lee,* 115 N.C. App. 692, 694, 446 S.E.2d 123, 124 (1994) (internal quotations and citations omitted). Applying foreseeability principles to the facts before it, the *Mussivand* Court concluded that

> [i]f one negligently exposes a married person to a sexually transmissible disease without informing that person of his exposure, it is reasonable to anticipate that the disease may be transmitted to the married person's spouse. Hence liability to a third party for failure to disclose to the original sexual partner turns on whether, under all the circumstances, injury to the third-party spouse was foreseeable.

544 N.E.2d at 272. The *Mussivand* Court ultimately determined that the plaintiff had a valid claim against the defendant. *Id.* at 273.

In *Lockhart,* the Oklahoma Supreme Court was faced with a similar factual scenario in which the plaintiff had been infected with herpes after her spouse had engaged in sexual intercourse with the defendant. The *Lockhart* Court addressed the issue of the defendant's duty to the plaintiff as follows:

> While normally [the defendant] would owe no duty of care to the wife, a third party, every person is under a duty to exercise due care in using that which he/she controls so as not to injure another. If [the defendant] knew or should reasonably have known that she had herpes and copulated with [the plaintiff's husband] during a period when she was infectious, under common-law principles she had a duty to warn him of her contagion. Further, if [the defendant] knew that [the plaintiff's husband] was copulating with another person and could identify that person [whether that person was married to [the plaintiff] or not], it

would be reasonably foreseeable to [the defendant] that silence about her infectious state—*i.e.*, a breach of the duty of care owed to her sexual partner—could result in the transmittal of herpes to that third person. Under this hypothetical factual scenario, the trial court could determine that it was reasonably foreseeable to [the defendant] that a natural and probable consequence of her silence would be the transmittal of this highly contagious disease to this plaintiff.

943 P.2d at 1080 (footnotes omitted). Based upon this reasoning, the *Lockhart* Court also determined that the plaintiff had a valid claim against the defendant. *Id.*

We find the reasoning of *Mussivand* and *Lockhart* persuasive and hold that the duty owed by a defendant who knows or has reason to know that he or she has contracted a sexually transmitted disease "to warn those persons with whom he or she expects to have sexual relations of his or her condition," *Mussivand*, 544 N.E.2d at 270, also extends to the spouse of the infected person's sexual partners, if the spouse is known or should have been known to the infected person at the time of the sexual intercourse. This is because a spouse is a reasonably foreseeable sexual partner. However, we expressly decline to address the scope of this duty as it may relate to non-spouses. While the *Lockhart* Court found the duty to third-party spouses also extended to any known third party with whom the infected person's sexual partner was having sexual intercourse, we find it unnecessary to address such a scenario when it is not required by the facts before us.

In the instant case, plaintiff's complaint alleges that defendant knew or should have known that he was infected with herpes, that he infected Mrs. Carsanaro with herpes, that defendant was aware that plaintiff and Mrs. Carsanaro were married, and that defendant knew or should have known that plaintiff and his wife would engage in sexual intercourse. Thus, the allegations in plaintiff's complaint, when treated as true, sufficiently alleged that defendant owed a duty to plaintiff.

### B.　Intervening Cause

Defendant contends that since plaintiff was actually infected with herpes by Mrs. Carsanaro, it was she, and not defendant, who was the proximate cause of plaintiff's injury. "An efficient intervening cause is a new proximate cause which breaks the connection with the original cause and becomes itself solely responsible for the result in question. It must be an independent force, entirely superseding the original

action and rendering its effect in the causation remote." *Barber v. Constien*, 130 N.C. App. 380, 383, 502 S.E.2d 912, 914-15 (1998) (citation omitted).

> Where a second actor has become aware of the existence of a potential danger created by the negligence of an original tort-feasor, and thereafter, by an independent act of negligence, brings about an accident, the first tort-feasor is relieved of liability, because the condition created by him was merely a circumstance of the accident and not its proximate cause. . . .

*Powers v. Sternberg*, 213 N.C. 41, 44, 195 S.E. 88, 90 (1938).

In the instant case, Mrs. Carsanaro would only become an intervening cause of plaintiff's herpes infection if she knew or had reason to know that she herself was infected with herpes when she engaged in sexual intercourse with plaintiff. In that scenario, Mrs. Carsanaro would have "become aware of the existence of a potential danger created by the negligence of an original tort-feasor" and transformed defendant's negligence into a condition of plaintiff's infection, rather than its proximate cause. *Id.; see also Mussivand*, 544 N.E.2d at 272-73; *Lockhart*, 943 P.2d at 1080-81. Plaintiff's complaint is silent as to when Mrs. Carsanaro discovered that defendant had infected her with herpes; therefore, dismissal on this basis pursuant to Rule 12(b)(6) is not appropriate. *See Fussell*, 364 N.C. at 227, 695 S.E.2d at 441 ("A trial court should not grant a motion to dismiss unless it is certain that the plaintiff could prove no set of facts that would entitle him or her to relief.").

### C. Criminal Conversation

Defendant additionally argues that plaintiff's recovery, if any, should only be pursuant to his criminal conversation claim. While this Court has stated that a jury may consider "injury to health" as part of the damages resulting from a criminal conversation claim, *Hutelmyer v. Cox*, 133 N.C. App. 364, 373, 514 S.E.2d 554, 561 (1999), our Courts have never specifically determined whether the transmission of a sexually transmitted disease would be part of the "injury to health" damages of this tort. Nonetheless, even assuming, *arguendo*, that plaintiff may recover damages for contracting herpes pursuant to his criminal conversation claim, this does not foreclose plaintiff from attempting to recover pursuant to his claim for NISTD for the same conduct. Our Supreme Court has recognized two distinct claims: criminal conversation and negligent exposure of a contagious or infectious disease. "Whether plaintiff may recover on any or all of these claims depends

on the extent to which the elements of any or all of them may be proved." *Holloway v. Wachovia Bank And Trust Co.*, 339 N.C. 338, 352, 452 S.E.2d 233, 241 (1994) (allowing the plaintiffs to seek recovery for assault and battery claims and an IIED claim which arose out of the same conduct). However, we note that these two causes of actions are similar to criminal conversation and alienation of affections in that "the two causes of action and the elements of damages here are so connected and intertwined" that "the same jury should determine damages for both claims." *McCutchen*, 360 N.C. at 282-83, 624 S.E.2d at 623.

Contrary to defendant's assertions, our holding today does not create a new cause of action; rather, it determines that, pursuant to traditional negligence principles, the allegations in plaintiff's complaint meet the requirements for pursuing a claim for negligent exposure of a contagious or infectious disease that was recognized by our Supreme Court in *Crowell*. As a result, we must reverse the trial court's order dismissing plaintiff's NISTD claim.

## V. Conclusion

"[A] person who knows, or should know, that he or she is infected with a venereal disease has the duty to abstain from sexual conduct or, at the minimum, to warn those persons with whom he or she expects to have sexual relations of his or her condition." *Mussivand*, 544 N.E.2d at 270. Since a spouse is a foreseeable sexual partner, this duty is also owed to the spouse of any of the infected person's sexual partners, if the spouse is known or should have been known to the infected person at the time of the sexual intercourse. Moreover, the infected person can be liable in tort for breaching this duty.

However, if the adulterous spouse knows or should know that he or she has been infected with a sexually transmitted disease prior to their transmission of the disease, the adulterous spouse becomes the intervening cause of their spouse's infection and transforms the infected person's negligence into a condition of the infection, rather than its proximate cause.

In the instant case, plaintiff's complaint, when treated as true, contains sufficient allegations to establish a claim for NISTD. Consequently, the trial court's order dismissing this claim is reversed.

Defendant's cross-appeal is interlocutory and does not affect a substantial right. Therefore, defendant's cross-appeal is dismissed.

Reversed; cross-appeal dismissed.

Judges ELMORE and STEELMAN concur.