**BRIDGES v. PARRISH**

[222 N.C. App. 320 (2012)]

CATRYN DENISE BRIDGES, Plaintiff v. HARVEY S. PARRISH and
BARBARA B. PARRISH, Defendants

No. COA12-181

(Filed 21 August 2012)

### 1. Negligence—parents enabling son—former girlfriend shot—active course of conduct—claim not stated

The trial court correctly dismissed a negligence claim pursuant to N.C.G.S. § 1A-1, Rule 12 (b)(6) where plaintiff was shot by defendants' son after plaintiff attempted to end her relationship with him. Plaintiff alleged that defendants owed her a duty because they engaged in an active course of conduct that created a risk of harm to her by providing their son with assistance, downplaying his behavior, and not securing their firearms. Plaintiff did not allege how her harm was the reasonably foreseeable result of defendants' conduct or that defendants were in any way aware that their conduct would cause their son to act violently.

### 2. Firearms and Other Weapons—negligent entrustment— duty to secure

The trial court did not err by dismissing plaintiff's claim pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6) where plaintiff alleged that defendants were negligent in not securing their firearms from their son, who shot plaintiff after she attempted to end their relationship. *Belk v. Boyce*, 263 N.C. 24, was distinguished because it found a duty based on defendant's use of a firearm rather than its storage, and involved a defendant who caused harm directly rather than through a third party. North Carolina courts have not recognized a duty to secure firearms on common law principles.

### 3. Negligence—entrustment of firearm—no consent to use— harm not foreseeable

The trial court did not err by granting a Rule 12(b)(6) dismissal of plaintiff's negligence claim where plaintiff alleged that defendants negligently entrusted their firearm to their son, who drove to plaintiff's workplace and shot her. Plaintiff did not allege that defendants expressly or impliedly consented to their son's use of the handgun and could not have foreseen that their son's possession of the gun would cause plaintiff's harm.

BRIDGES v. PARRISH

[222 N.C. App. 320 (2012)]

**4. Appeal and Error—brief—no substantive argument**

Plaintiff did not preserve for appellate review the question of whether defendants were liable to plaintiff for a shooting by their son using their truck where plaintiff alluded to the theory in the "Issues Presented" section of the brief but did not support it with any substantive arguments. Moreover, negligent entrustment was not a cause of plaintiffs harm.

Judge GEER concurring in part and dissenting in part.

Appeal by plaintiff from order entered 3 November 2011 by Judge Thomas D. Haigwood in Johnston County Superior Court. Heard in the Court of Appeals 6 June 2012.

*Wake Forest University School of Law Appellate Advocacy Clinic, by John J. Korzen, for plaintiff-appellant.*

*Poyner Spruill LLP, by Steven B. Epstein, for defendants-appellees.*

HUNTER, Robert C., Judge.

Catryn Denise Bridges ("plaintiff") appeals the order granting defendants Harvey and Barbara Parrish's (collectively "defendants' " or individually "Harvey's" and "Barbara's") motion to dismiss entered 3 November 2011 by Judge Thomas D. Haigwood in Johnston County Superior Court. On appeal, plaintiff argues that she stated a negligence claim upon which relief could be granted.

After careful review, we affirm the trial court's order granting defendants' motion to dismiss.

Background

Plaintiff made the following allegations in her complaint. Lyle Bernie Parrish ("Bernie"), defendants' son, was 52 years old at the time of the incident that gave rise to plaintiff's cause of action. He lived in a building that was owned, maintained, and controlled by defendants. Bernie has been charged with a wide array of crimes throughout his adult life, including numerous drug and weapon charges. Bernie also exhibited a pattern of violent behavior toward women. Specifically, plaintiff contends Bernie hurt former wives and girlfriends. Defendants were aware of Bernie's criminal history and violent conduct toward women.

**BRIDGES v. PARRISH**

[222 N.C. App. 320 (2012)]

Plaintiff and Bernie began a romantic relationship shortly after they met in April 2010. Plaintiff met defendants multiple times, and defendants were aware of plaintiff's relationship with their son. Defendants did not inform plaintiff of their son's past violent behavior.

Plaintiff claims that beginning in the year 2000, defendants took it upon themselves to prevent Bernie from continuing any unlawful conduct by providing him with lodging, financial assistance, guidance, and advice. However, Bernie was charged in 2007 with first degree kidnapping, assault with a deadly weapon with intent to kill or inflict serious injury, and possession of a firearm by a felon. Defendants were aware of these charges and did not reveal them to plaintiff.

Plaintiff ended her relationship with Bernie in early November 2010 after Bernie engaged in "controlling, accusatory, and risky" behavior. Plaintiff contends Barbara assured her that Bernie was not a threat. At that time, neither defendant informed plaintiff of their son's violent history.

In mid-January 2011, plaintiff claims she agreed to see Bernie again "from time to time." On or about 7 March 2011, Bernie called plaintiff and accused her of seeing other men. At approximately 12:30 p.m. on 8 March 2011, Bernie drove defendants' red pickup truck to the office building where plaintiff worked. He shot plaintiff in the abdomen with a .38 caliber handgun, which was registered to Harvey, and was possessed and used by both defendants. Plaintiff was seriously injured as a result of the shooting.

Plaintiff filed a complaint against defendants in Johnston County Superior Court on 1 September 2011. Defendants filed a motion to dismiss, and a hearing was held on 31 October 2011 before Judge Thomas D. Haigwood. Judge Haigwood dismissed plaintiff's complaint with prejudice on 3 November 2011, concluding that plaintiff failed to state a claim upon which relief may be granted.

Plaintiff filed a notice of appeal to this Court on 2 December 2011.

### Discussion

Plaintiff argues on appeal that the trial court erred in granting defendants' motion to dismiss the complaint for failure to state a claim of negligence upon which relief can be granted. Specifically, plaintiff asserts three theories by which defendants owed her a legal duty: (1) defendants engaged in an active course of conduct that created a foreseeable risk of harm to plaintiff; (2) defendants negligently

**BRIDGES v. PARRISH**

[222 N.C. App. 320 (2012)]

failed to secure their firearms from Bernie; and (3) defendants negligently entrusted Bernie with the handgun and truck.[1] After careful review, we affirm the trial court's order.

"The test on a motion to dismiss for failure to state a claim upon which relief can be granted is whether the pleading is legally sufficient." *Al-Hourani v. Ashley*, 126 N.C. App. 519, 521, 485 S.E.2d 887, 889 (1997) (quotation marks omitted). A complaint is legally insufficient if an insurmountable bar to recovery exists, such as "an absence of law to support a claim, an absence of facts sufficient to make a good claim, or the disclosure of some fact that necessarily defeats the claim." *Id.*

This Court conducts a *de novo* review of motions to dismiss. *Burgin v. Owen*, 181 N.C. App. 511, 512, 640 S.E.2d 427, 429 (2007). " 'Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (quoting *In re Appeal of The Greens of Pine Glen Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)). Plaintiff's factual allegations in the complaint are to be treated as true on review. *Block v. Cnty. of Person*, 141 N.C. App. 273, 277, 540 S.E.2d 415, 419 (2000).

In order for a claim of negligence to survive a motion to dismiss, the plaintiff must allege all of the following elements in the complaint: "1)[a] legal duty; 2) breach of that duty; 3) actual and proximate causation; and 4) injury." *Mabrey v. Smith*, 144 N.C. App. 119, 122, 548 S.E.2d 183, 186 (2001); *see also Sterner v. Penn*, 159 N.C.

---

1. In her reply brief, plaintiff also argues that defendants are liable for failing to prevent the harm by virtue of a "special relationship" existing between defendants and Bernie, whereby defendants would have a duty to control Bernie and protect plaintiff from his "dangerous propensities." *King v. Durham Cnty. Mental Health Developmental Disabilities & Subst. Abuse Auth.*, 113 N.C. App. 341, 345, 439 S.E.2d 771, 774 (citing W. Page Keeton et al., *Prosser and Keeton on The Law of Torts* § 56, at 383-85 (5th ed. 1984)), *disc. review denied*, 336 N.C. 316, 445 S.E.2d 396 (1994). Generally there "is no duty to protect others against harm from third persons" unless a "special relationship" exists. *Id.* Plaintiff waived the argument that a special relationship existed between defendants and Bernie because she failed to include it in her initial brief on appeal. *See Hardin v. KCS Intern., Inc.*, 199 N.C. App. 687, 707-08, 682 S.E.2d 726, 740 (2009). Assuming, *arguendo*, that plaintiff had argued a special relationship, we find that plaintiff's argument is without merit because defendants lacked the control necessary to create a special relationship. *See Stein v. Asheville City Bd. of Educ.*, 360 N.C. 321, 330-31, 626 S.E.2d 263, 269 (holding that an essential element of a special relationship is the ability and opportunity to control the third party), *rehearing denied*, 360 N.C. 546, 635 S.E.2d 58 (2006). The duties alleged in plaintiff's initial brief and addressed in the opinion stem from defendants' own conduct, not their relationship with Bernie.

App. 626, 629, 583 S.E.2d 670, 673 (2003). The trial court did not specify which element or elements it deemed to be lacking in the complaint, but the arguments on appeal focus only on whether defendants owed plaintiff a duty. A claim of negligence necessarily fails if there is no legal duty owed to the plaintiff by the defendant. *See Sterner*, 159 N.C. App. at 629, 583 S.E.2d at 673; *see also Harris v. Daimler Chrysler Corp.*, 180 N.C. App. 551, 555, 638 S.E.2d 260, 265 (2006) ("If no duty exists, there logically can be neither breach of duty nor liability.").

Duty is defined as an "obligation, recognized by the law, requiring the person to conform to a certain standard of conduct, for the protection of others against unreasonable risks." *Davis v. N.C. Dep't of Human Res.*, 121 N.C. App. 105, 112, 465 S.E.2d 2, 6 (1995) (quoting W. Page Keeton et al., *Prosser and Keeton on The Law of Torts* § 30, at 164-65 (5th ed. 1984)), *disc. review denied*, 343 N.C. 750, 473 S.E.2d 612 (1996). Here, plaintiff contends that defendants owed her a legal duty because the harm she suffered was a foreseeable result of actions undertaken by defendants. Specifically plaintiff alleges that defendants owed her a legal duty based on their: (1) active course of conduct; (2) negligent storage of their guns; and (3) negligent entrustment. Therefore, the issue becomes whether, taking plaintiff's allegations as true, she established a legal duty sufficient to plead a negligence claim upon which relief can be granted.

## I. Active Course of Conduct

[1] First, plaintiff argues that defendants owed her a duty because they engaged in an active course of conduct that created a risk of harm to plaintiff. Specifically, plaintiff alleges that by providing Bernie with assistance and shelter, downplaying his behavior, and failing to secure their guns, defendants engaged in an active course of conduct that resulted in plaintiff's harm. We disagree.

Generally, "[t]he law imposes upon every person who enters upon an active course of conduct the positive duty to exercise ordinary care to protect others from harm, and calls a violation of that duty negligence." *Council v. Dickerson's Inc.*, 233 N.C. 472, 474, 64 S.E.2d 551, 553 (1951). "The duty of ordinary care is no more than a duty to act reasonably. The duty does not require perfect prescience, but instead extends only to causes of injury that were reasonably foreseeable . . . ." *Carsanaro v. Colvin*, ____ N.C. App. ____, ____, 716 S.E.2d 40, 45 (2011) (quoting *Fussell v. N.C. Farm Bureau Mut. Ins. Co.*, 364 N.C. 222, 226, 695 S.E.2d 437, 440 (2010)). Therefore, there is

**BRIDGES v. PARRISH**

[222 N.C. App. 320 (2012)]

no legal duty to protect against the results of one's conduct that are "only remotely and slightly probable." *Winters v. Lee*, 115 N.C. App. 692, 696, 446 S.E.2d 123, 125 (quotation omitted), *disc. review denied*, 338 N.C. 671, 453 S.E.2d 186 (1994); *see also Carsanaro*, ____ N.C. App. at ____, 716 S.E.2d at 45-46; *Hart v. Ivey*, 332 N.C. 299, 305, 420 S.E.2d 174, 178 (1992); *James v. Charlotte-Mecklenberg Bd. of Educ.*, 60 N.C. App. 642, 648, 300 S.E.2d 21, 24 (1983).

In *Winters*, the defendant was not liable for loaning her car to her grandson, who used the car to drive to the plaintiff's house and stab the plaintiff 37 times. 115 N.C. App. at 693-97, 446 S.E.2d at 123-26. Even though the defendant knew her grandson was intoxicated, in an "emotionally unstable" state, and had harmed the plaintiff in the past, this Court held that the resulting attack was an unforeseeable result of the defendant's conduct. *Id.* Thus, because the harm was unforeseeable, this Court affirmed the trial court's dismissal of the complaint for failure to state a claim upon which relief could be granted. *Id.*

Here, plaintiff is not suing Bernie, the person who shot her, but defendants, based on the contention that she would not have been shot if they had not engaged in an active course of conduct by providing assistance to Bernie, "attempt[ing] to downplay [Bernie's] behavior," telling plaintiff he posed no threat, and failing to take steps to secure their firearms.[2] However, there is no allegation in the complaint, treated as true, that establishes "facts supporting any nexus of foreseeability between defendant[s'] [conduct] and plaintiff's subsequent injury." *Id.* at 697, 446 S.E.2d at 126. Here, like in *Winters*, plaintiff fails to establish how her harm was the reasonably foreseeable result of defendants' conduct of assisting Bernie, downplaying his behavior, or saying that he posed no threat. The complaint does not allege that any of Bernie's violent behavior was "in any way associated," *Id.* at 697, 446 S.E.2d at 126, with defendants' conduct in the past. Furthermore, as in *Winters*, the complaint does not indicate that defendants were "on notice," *Id.*, or in any way aware that their conduct would cause Bernie to act violently. Therefore, we cannot hold that defendants had the duty to guard against such an unforeseeable result of their actions.

Because the injury was not foreseeable, we find no duty imposed by defendants' active course of conduct.

---

2. Whether the negligent storage of firearms created a duty is discussed in section II, *infra*.

## II. Negligent Storage of Firearms

[2] Plaintiff next argues that defendants had a duty to secure their firearms from their son. We decline to recognize such a duty based on the facts of this case.

Plaintiff relies on *Belk v. Boyce*, 263 N.C. 24, 138 S.E.2d 789 (1964) to establish the basis of her argument. In *Belk*, the defendant fired several times in the direction of the plaintiff while trying to hit a stray dog that was on the defendant's land. 263 N.C. at 25, 138 S.E.2d at 790. One of the bullets struck the plaintiff, who then sued the defendant for negligence. *Id.* The Court, in finding the defendant liable, noted that "[i]t is often said that a very high degree of care is required from *all persons using firearms in the immediate vicinity of others* regardless of how lawful or innocent such use may be, or that more than ordinary care to prevent injury to others is required." *Id.* at 31, 138 S.E.2d at 794 (internal quotation marks omitted) (emphasis added).

Although the Court added that "[p]ersons having possession and control over dangerous instrumentalities are under duty [sic] to use a high degree of care commensurate with the dangerous character of the article to prevent injury to others," plaintiff seems to ignore the context of the holding in attempting to use it as support for her theory of negligent storage. *Id. Belk* is distinguishable and inapposite because it found a duty based on the defendant's use of a firearm, not storage, and dealt with a defendant who caused harm directly, not through a third party. *Id.* at 25, 138 S.E.2d at 790.

The cases from other jurisdictions which have recognized a duty to secure firearms under general negligence principles, including those cited by plaintiff and the dissent, while persuasive, are not controlling. *See, e.g., Heck v. Stoffer*, 786 N.E.2d 265, 271 (Ind. 2003) (reversing a dismissal of a negligence action because the determination of whether the storage of a gun was negligent was a question for the jury); *Kuhns v. Brugger*, 135 A.2d 395, 409 (Pa. 1957) (holding that the defendant was under a duty to keep his pistol away from his young grandchild). Our Courts have not recognized a duty to secure firearms under common law principles, and we decline to do so based on the facts of this case.[3] Therefore, plaintiff's argument is overruled.

---

3. We acknowledge that individuals must secure their firearms from minors living in the same residence under North Carolina law. *See* N.C. Gen. Stat. § 14-315.1 (2011).

### III. Negligent Entrustment

[3] Finally, plaintiff argues that in the alternative to negligent storage of firearms, defendants' duty is based on negligent entrustment of their handgun and truck to Bernie. We are not persuaded.

Almost all negligent entrustment cases in North Carolina involve automobiles, and the cause of action generally arises when "the owner of an automobile 'entrusts its operation to a person whom he knows, or by the exercise of due care should have known, to be an incompetent or reckless driver' who is 'likely to cause injury to others in its use.' " *Swicegood v. Cooper*, 341 N.C. 178, 180, 459 S.E.2d 206, 207 (1995) (quoting *Heath v. Kirkman*, 240 N.C. 303, 307, 82 S.E.2d 104, 107 (1954); *see also Bogen v. Bogen*, 220 N.C. 648, 650, 18 S.E.2d 162, 163 (1942)); *Tart v. Martin*, 353 N.C. 252, 254, 540 S.E.2d 332, 334 (2000). "[T]he basis for the defendant's liability is not imputed negligence, but the independent and wrongful breach of duty in entrusting his automobile to one who he knows or should know is likely to cause injury." *Hutchens v. Hankins*, 63 N.C. App. 1, 23, 303 S.E.2d 584, 597 (emphasis omitted), *disc. review denied*, 309 N.C. 191, 305 S.E.2d 734 (1983).

Entrustment, for the purposes of establishing a claim under this doctrine, requires consent from the defendant, either express or implied, for the third party to use the instrumentality in question. *See Hill v. West*, 189 N.C. App. 189, 193, 657 S.E.2d 694, 697 (2008) (holding that because evidence failed to show the defendants gave consent to drive the vehicle involved in the accident, summary judgment for the defendants in negligent entrustment action was proper); *see also Swicegood*, 341 N.C. at 179, 459 S.E.2d at 206 (noting that because the "plaintiff had given his son permission *to drive* the automobile on this occasion," he met the element of consent in a negligent entrustment suit) (emphasis added); *Lane v. Chatham*, 251 N.C. 400, 405, 111 S.E.2d 598, 603 (1959) ("Where parents entrust their nine-year old [sic] son with the possession *and use* of an air rifle . . . the parents are liable . . . and failed to exercise reasonable care to prohibit, restrict or supervise his *further use thereof*." (emphasis added)).

Although this Court has not had occasion to determine whether a defendant's consent to mere possession of an instrumentality rises to the level of entrustment, we have concluded "where a party did not give another permission to use the vehicle in the accident, our Courts do not appear to have applied the doctrine of negligent entrustment in a situation where the vehicle was *operated* without the owner's

knowledge or consent." *Hill*, 189 N.C. App. at 193, 657 S.E.2d at 697 (emphasis added). Additionally, the *Hill* Court noted that "[a]mong the necessary elements of a cause of action for negligent entrustment of a motor vehicle to an unlicensed operator is that the motor vehicle *be operated* with the consent or authorization of the entrustor[.]" *Id.* (emphasis added) (quoting Karen L. Ellmore, J.D., Annotation, *Negligent Entrustment of Motor Vehicle to Unlicensed Driver*, 55 A.L.R. 4th 1100, § 9 at 1119 (1987)).

Here, plaintiff alleges that "[o]n or before March 8, 2011, Bernie Parrish obtained possession of the aforementioned handgun. Alternatively, prior to March 8, 2011, [d]efendants were aware that Bernie Parrish had possession of their handgun, and . . . failed to take reasonable and/or prudent steps to have said handgun removed from his possession and control." The complaint fails to allege that defendants, expressly or impliedly, entrusted the handgun's "operation" to Bernie at any time. *Tart*, 353 N.C. at 254, 540 S.E.2d at 334. Nor does plaintiff allege that defendants ever gave Bernie "permission to use" the handgun or any other guns at any time. *Hill*, 189 N.C. at 193, 657 S.E.2d at 697. In fact, plaintiff acknowledges in her brief that "[i]t is not yet known exactly how Bernie obtained the firearm from [d]efendants[.]"

Because plaintiff failed to allege that defendants expressly or impliedly consented to the use of the handgun, their alleged conduct does not rise to the level of "entrustment" under North Carolina law. Additionally, as in *Winters*, defendants here could not have reasonably foreseen that Bernie's possession of the gun would cause plaintiff's harm. 115 N.C. App. at 697, 446 S.E.2d at 126. Therefore, defendants owed no duty under the theory of negligent entrustment of the handgun.

[4] Defendants are not liable to plaintiff under the theory of negligent entrustment of defendants' truck because the entrustment of the truck was not a cause, proximate or actual, of plaintiff's harm. *See Mabrey*, 144 N.C. App. at 122, 548 S.E.2d at 186 (holding that necessary elements of a cause of action for negligence are proximate and actual causation). Furthermore, because plaintiff merely alluded to this theory in the "Issue Presented" section of her brief but did not support it with any substantive arguments, it is deemed waived on appeal. *See* N.C.R. App. P. 28(a).

**BRIDGES v. PARRISH**

[222 N.C. App. 320 (2012)]

## Conclusion

Because we conclude plaintiff failed to establish that defendants owed her a duty, the trial court did not err in granting defendants' motion to dismiss for plaintiff's failure to state a claim of negligence upon which relief can be granted. Therefore, we affirm the trial court's order.

Affirmed.

Judge BEASLEY concurs.

Judge GEER concurs in part and dissents in part by separate opinion.

GEER, Judge, concurring in part and dissenting in part.

I concur with the majority opinion except for the claim for negligent storage of a firearm, which I believe may also encompass the claim for negligent entrustment of a firearm. Our courts have not yet had an opportunity to address such a negligence claim.

I am persuaded by the reasoning in the following cases from other jurisdictions recognizing a claim for negligent storage of a firearm under circumstances similar to those alleged in the complaint. *See Irons v. Cole*, 46 Conn. Supp. 1, 8-9, 734 A.2d 1052, 1056 (1998) (upholding verdict against parents for negligent storage and maintenance of gun in connection with use of gun by adult child who abused alcohol and was violent towards domestic partners); *Foster v. Arthur*, 519 So. 2d 1092, 1095 (Fla. Dist. Ct. App. 1988) (upholding judgment in favor of plaintiff when defendant knew that housemate was not legally allowed to possess or use firearm and that he had previously murdered one man and been involved in another shooting, but still allowed him to know she stored her firearm under her mattress); *Edmunds v. Cowan*, 192 Ga. App. 616, 618, 386 S.E.2d 39, 41 (1989) (reversing summary judgment on claim for negligent storage of fire arm claim against parent for adult child's use of parent's firearm); *Estate of Heck ex rel. Heck v. Stoffer*, 786 N.E.2d 265, 266-67 (Ind. 2003) (reversing summary judgment entered on claim against parents for negligent storage of handgun used by adult child to kill police officer); *Jupin v. Kask*, 447 Mass. 141, 143, 849 N.E.2d 829, 832-33 (2006) (reversing summary judgment granted to homeowner on claim for negligent firearm storage when she allowed unsupervised access to property by person with known history of violence and mental instability).

Defendants argue that even under the standard set out in *Heck* and *Jupin*, plaintiff has not stated a claim for relief. Each of those cases, however, involved motions for summary judgment and not a motion to dismiss. While plaintiff may or may not be able to make the showing found sufficient in those cases to defeat summary judgment, I believe that she has included sufficient allegations in her complaint to set forth a claim for negligent storage of a firearm. Consequently, I would adopt the reasoning of the above cases and reverse the trial court's order granting the motion to dismiss as to plaintiff's claim for negligent storage of a firearm.