Thomas D. Schroeder, United States District Judge
This action came before the court this date for a hearing on all pending motions of Plaintiff Barbara Summey Marshall and Defendant The Walt Disney Company ("TWDC"): TWDC's motion dismiss for *958 lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6), respectively (Doc. 17), and motion for protective order (Doc. 36); Marshall's motion for reconsideration (Doc. 23), motions for leave to file an amended complaint (Doc. 27, 32), petition for recovery of damages under Federal Rule of Civil Procedure 11(b) (Doc. 31), and motions to compel discovery (Doc. 43, 44). Plaintiff appeared pro se at the hearing, and TWDC was represented by counsel.
For the reasons set forth at length at the hearing, the court finds that venue is improper in this district under 28 U.S.C. § 1391(b) but would be proper in the Eastern District of North Carolina. The court further finds that it lacks personal jurisdiction (both general and specific) over Defendant TWDC and that because of this, it would not be in the interests of justice to transfer the action to the Eastern District of North Carolina. 28 U.S.C. § 1406(a). Accordingly, the court will grant TWDC's motion to dismiss for lack of personal jurisdiction. See Emrit v. Hardy, No. CV PWG-17-75, 2017 WL 5624944, at *1 (D. Md. Feb. 15, 2017) ("The claim asserted is frivolous, and the interest of justice does not require an order transferring this case to the Nevada court."); Page v. Alleghany Cty. Court of Common Pleas Family Div., No. CV CCB-16-3955, 2016 WL 7383868, at *1 (D. Md. Dec. 21, 2016) ("It would not be in the interests of justice to transfer the case to another federal court as [plaintiff's] complaint against the named defendants is likely subject to dismissal."); Flores v. United States Attorney Gen., No. 2:15-CV-14055, 2017 WL 7691907, at *4 (S.D.W. Va. Dec. 4, 2017), report and recommendation adopted, No. 2:15-CV-14055, 2018 WL 907420 (S.D.W. Va. Feb. 15, 2018) ("However, because the Petition is frivolous and fails to state a claim upon which relief can be granted, it is not in the interest of justice to transfer this matter to either of those courts.").[1]
Therefore,
IT IS ORDERED as follows:
1. TWDC's motion to dismiss (Doc. 17) is GRANTED and the action is DISMISSED WITHOUT PREJUDICE
*959 for lack of personal jurisdiction over TWDC.
2. Marshall's motion for reconsideration (Doc. 23) is DENIED AS MOOT.
3. Marshall's motions for leave to file an amended complaint (Doc. 27, 32) are DENIED AS FUTILE.
4. Marshall's motions to compel discovery (Doc. 43, 44) and TWDC's motion for protective order (Doc. 36) are DENIED AS MOOT.
5. Marshall's Petition for Recovery of Damages Due to Rule 11(b) Violations (Doc. 31) is DENIED as wholly without merit.
In as much as this is the second action Marshall has filed relating to the events in question that has been dismissed (see Marshall v. American Broadcasting Company, 1:16cv550 (Doc. 105) ), and for the reasons articulated by the court during the hearing today, the court again strongly urges Marshall to seek the advice of counsel before proceeding. Although she appears pro se, she is not relieved of the obligation to ensure that any claim she files is supported by law in accordance with the obligations of Federal Rule of Civil Procedure 11.
The Clerk of Court is directed to close this file.

Although not requested, transfer to another district where TWDC could be subject to personal jurisdiction would not be in the interests of justice because the case against TWDC is likely subject to dismissal for the reasons noted during the hearing. In short, Marshall had no contract with TWDC, and her claims (or proposed claims) against it do not appear to state a claim upon which relief can be granted. Her breach of contract claim fails for lack of a contract with TWDC; her intentional infliction of emotional distress claim fails for lack of factual allegations of extreme and outrageous conduct to render such a claim plausible, Waddle v. Sparks, 331 N.C. 73, 414 S.E.2d 22, 27 (1992) ; her negligence claim fails for lack of a legal duty, Prince v. Wright, 141 N.C.App. 262, 541 S.E.2d 191, 195 (2000) ; her claims for loss of enjoyment of life/conscious pain and suffering as well as for "pecuniary loss" are not cognizable claims; her claim of negligent entrustment lacks support in North Carolina law inasmuch as Marshall did not entrust anything to TWDC, Tart v. Martin, 353 N.C. 252, 540 S.E.2d 332, 334 (2000) ; any proposed claim for constructive fraud fails for lack of any factual basis for establishing a relationship of trust and confidence, State ex rel. Long v. Petree Stockton, L.L.P., 129 N.C.App. 432, 499 S.E.2d 790, 798 (1998) ; any proposed claim for "negligent and inadequate security" fails to state a cognizable claim; and any proposed claim for negligent infliction of emotional distress, in addition to being long time-barred, lacks any factual support to render it plausible as against TWDC, Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A., 327 N.C. 283, 395 S.E.2d 85, 97 (1990).